| | |
|---|---|
| 1 | Anna Y. Park, CA SBN 164242 |
| 2 | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| 3 | 255 East Temple Street, Fourth Floor Los Angeles, CA 90012 |
| 4 | Telephone: (213) 894-1080 Facsimile: (213) 894-1301 |
| 5 | E-Mail: lado.legal@eeoc.gov |

Attorney for Plaintiff
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: CV13-07196 JAK (AJW) |
| Plaintiff, | COMPLAINT - CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION |
| vs. | (42 U.S.C. §§ 12117 et seq. and 2000ff-6, et seq.) |
| ALL STAR SEED dba EIGHT STAR COMMODITIES, GREEN TOUCH FERTILIZER, and ALLSTAR SEED COMPANY; LA VALLE SABBIA, INC. dba EIGHT STAR EQUIPMENT and EIGHT STAR LOGISTICS; and ABATTI dba ABATTI COMPANIES; | JURY TRIAL DEMAND |
| Defendant(s). | |

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability; under Title II of the Genetic Information Non-Discrimination Act of 2008 ("GINA"), to correct unlawful employment practices on the basis of

-1-

genetic information; and to provide appropriate relief to Charging Party Raul Castellanos ("Charging Party"), and other aggrieved individuals who were adversely affected by such practices.

As alleged with greater particularity in paragraph 19 below, the United States Equal Employment Opportunity Commission (the "Commission") alleges that All Star Seed dba Eight Star Commodities, Green Touch Fertilizer, and Allstar Seed Company; La Valle Sabbia, Inc. dba Eight Star Equipment and Eight Star Logistics; and Abatti dba Abatti Companies ("Defendants") Defendants subjected job applicants to a medical physical containing tests and questions that are disability-related examinations and inquiries in violation of the ADA.

As alleged with greater particularity in paragraph 20 below, the Commission further alleges that Defendants subjected job applicants to requests for family medical history in violation of GINA.

As alleged with greater particularity in paragraph 22 below, the Commission alleges that Defendants discriminated against Charging Party when they refused to hire him because they regarded him as disabled in violation of the ADA.

As alleged with greater particularity in paragraph 23 below, the Commission alleges that Defendants failed to maintain confidential medical files separate from non-confidential information or treat such confidential information as a confidential medical record in violation of the ADA and GINA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), and Section 207 of the Genetic

Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff-6, which incorporate by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and Title I of GINA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Section 207 of GINA, 42 U.S.C. § 2000ff-6, which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-6.

4.  At all relevant times, Defendant All Star Seed dba Eight Star Commodities, Green Touch Fertilizer, and Allstar Seed Company ("All Star") has continuously been a California corporation doing business in the State of California and the Cities of El Centro and Long Beach, and has continuously had at least 15 employees either alone or by operation of the integrated enterprise doctrine.

5.  At all relevant times, Defendant All Star has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5); Section 101(7) of the ADA, 42 U.S.C. § 12111(7); and Section 201(2) of GINA, 42 U.S.C.§ 2000ff(2); which incorporate by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant All Star has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant La Valle Sabbia, Inc. dba Eight Star Equipment and Eight Star Logistics ("La Valle") has continuously been a California corporation doing business in the State of California and the Cities of El Centro and Long Beach, and has continuously had at least 15 employees either alone or by operation of the integrated enterprise doctrine.

8. At all relevant times, Defendant La Valle has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5); Section 101(7) of the ADA, 42 U.S.C. § 12111(7); and Section 201(2) of GINA, 42 U.S.C.§ 2000ff(2); which incorporate by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

9. At all relevant times, Defendant La Valle has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times, Defendant Abatti dba Abatti Companies ("Abatti") has continuously been a California corporation doing business in the State of California and the Cities of El Centro and Long Beach, and has continuously had at least 15 employees either alone or by operation of the integrated enterprise doctrine.

11. At all relevant times, Defendant Abatti has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5); Section 101(7) of the ADA, 42 U.S.C. § 12111(7); and Section 201(2) of GINA, 42 U.S.C.§ 2000ff(2); which incorporate by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

12. At all relevant times, Defendant Abatti has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## CONDITIONS PRECEDENT

13. On November 26, 2010, more than thirty days prior to the institution of this lawsuit, Raul Castellanos filed a charge of discrimination with the Commission alleging that Defendants violated Title I of the ADA and the Genetic Information Nondiscrimination Act of 2008. Shortly thereafter, the EEOC sent a copy of the charge to Defendant All Star.

14. Prior to the institution of the lawsuit, the Commission investigated the charge in various ways, including obtaining Defendant All Star's response to the charge, requesting and obtaining documents from Defendant All Star, and by interviewing witnesses such as its employees.

15. Prior to the institution of this lawsuit and after its investigation, the Commission issued on April 26, 2012 a Letter of Determination to Defendant All Star finding reasonable cause to believe that Raul Castellanos was discriminated against because of his medical information and perceived disability.

16. Prior to the institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below and to effectuate Defendants' voluntary compliance with Title I of the ADA and the Genetic Information Nondiscrimination Act through informal methods of conciliation and persuasion. Defendant All Star did not respond to EEOC's repeated conciliation invitations. Therefore, the parties were not able to resolve the charge through conciliation.

17. Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

18. Since at least January 1, 2009, Defendant All Star has engaged in unlawful employment practices at its facilities in the Counties of Imperial and Los Angeles, California, in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d).

### COUNT ONE: IMPROPER OBTAINMENT OF MEDICAL INFORMATION

19. Defendant All Star improperly required Raul Castellanos to undergo a pre-offer physical examination for the purpose of determining his health conditions. Defendant All Star's inquiry was not related to or consistent with the business necessity of the Dispatcher position that Castellanos sought.

   a. Defendant All Star required Castellanos to undergo a physical examination before formally hiring him. On August 14, 2010, Logisitics and Production Manager Ismael Villalobos informed Castellanos that Castellanos would be hired as a Dispatcher at Defendant All Star's Long Beach warehouse on the condition that he pass a physical examination and drug test. Until the physical examination and drug test were completed, Castellanos worked for Defendant All Star through Labor Ready Staffing Agency as a temporary Dispatcher and assist warehouse staff with loading, unloading, and forklift duties.

   b. Defendant All Star's required physical examination was conducted for the purpose of improperly obtaining Castellanos' health condition. On September 1, 2010, at Defendant All Star's request, Castellanos underwent a drug test and physical examination at Long Beach Medical Clinic. Castellanos' drug test was clear, and his physical examination determined that he was fairly healthy. As a part of his physical examination, Castellanos completed

Defendant All Star's Health Questionnaire. The Health Questionnaire included questions likely to elicit disability-related information, such as whether Castellanos ever had lung problems, worn a face mask, and been hospitalized. For each question that Castellanos answered affirmatively, Castellanos needed to provide full and complete explanation. The Health Questionnaire also contained a statement that said that any misrepresentation or omission in answering or explaining would constitute fraud.

c. Defendant All Star's request for Castellanos to undergo a physical examination was not related to the Dispatcher position or any business necessity. Castellanos applied to be a Dispatcher. Dispatchers engage in the sedentary activities of answering telephones, filing paperwork, and assigning drivers to locations. Since at least January 1, 2009, Defendant All Star had a policy and procedure of requiring applicants, including those who are applying to be Dispatchers, to undergo a physical examination including tests and questions likely to elicit disability-related information. The physical examination tested Castellanos' heart rate and asked about his hospitalizations. Those tests and questions are not related to whether Castellanos could file paperwork, assign drivers to locations, and answer the telephone.

d. In response to the medical examination, Castellanos disclosed that he was hospitalized in 2010 for atrial fibrillation. Castellanos' hospitalization for atrial fibrillation was a one-time occurrence.

e. As a result of its improper obtainment of Castellanos' medical information, Defendant All Star perceived Castellanos to be disabled due to his atrial fibrillation and refused to hire him as a Dispatcher. Defendant's Logisitics and Production Manager Villalobos informed Castellanos that he was not hired because he had a heart attack.

## COUNT TWO: IMPROPER OBTAINMENT OF GENETIC INFORMATION

20. Since at least January 1, 2009, Defendant All Star has engaged in unlawful employment practices at its facilities in the Counties of Imperial and Los Angeles, California, in violation of Section 202 of Title I of GINA, 42 U.S.C. § 2000ff-1(b).

21. Defendant All Star unlawfully requested and required Castellanos' genetic information. Genetic information includes the manifestations of diseases or disorders in family members of the individuals whose genetic information is requested. By requesting Castellanos' genetic information, Defendant All Star also received medical information about Castellanos' family members.

   a. In response to Castellanos' answers on the Health Questionnaire, Defendant All Star requested that Castellanos produce all medical records regarding his atrial fibrillation. Defendant All Star required Castellanos to produce all medical records in order to be hired as a Dispatcher.

   b. Castellanos produced the medical records. The medical records revealed the medical conditions of Castellanos' biological relatives. Specifically, Castellanos' medical records for his atrial fibrillation show that the medical conditions of his grandmother, parents, and several aunts.

22. Since at least January 1, 2009, Defendant All Star has engaged in unlawful employment practices at its facilities in the Counties of Imperial and Los Angeles, California, in violation of Section 102(b)(6) of Title I of the ADA, 42 U.S.C. § 12112(d). On or about early-September 2010, Defendant All Star refused employment to Charging Party because it regarded him as having a heart condition.

23. Since at least January 1, 2009, Defendant All Star has engaged in unlawful employment practices at its facilities in the Counties of Imperial and Los Angeles, California, in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a), and Section 206(a) of GINA, 42 U.S.C. § 2000ff-5(a). Since at least September 30, 2008, Defendant All Star has failed to maintain confidential medical files separate from non-confidential information or treat such confidential information as a confidential medical record.

24. The effect of the practices complained of in paragraphs 18-23, above, has been to deprive Charging Party and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as an applicant for employment.

25. The unlawful employment practices complained of in paragraphs 18-23, above, were and are intentional.

26. The unlawful employment practices complained of in paragraphs 18-23, above, were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and others.

27. Defendant All Star, Defendant La Valle, and Defendant Abatti (the "Companies") are a single employer or acted as joint employers with regard to their applicants and employees. The Companies share an owner, address, phone number, website, and agent for service of process. Eight Star Commodities, All Star Seed Company, Green Touch Fertilizer, and Eight Star Logistics are all registered fictitious business names of All Star Seed. The Companies share one Human Resources Compliance Officer who oversees the hiring process, maintains the personnel files, and administers the payroll for the Companies. The human-resources policies and hiring processes are the same among the Companies, and the Companies regularly share applicants. The Companies share one Operations Manager who handles new-hire pay decisions. The Companies share one General Manager who handles employee complaints.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in a practice of subjecting applicants and employees to unlawful medical examination and inquiries, from engaging in a practice of subjecting applicants and employees from unlawful requests for genetic information, and from refusing to hire individuals with disabilities or individuals perceived as disabled, and from retaliating against individuals who refuse to be subjected to unlawful employment practices.

B.  Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities or perceived disabilities, and which eradicate the effects of its past and present unlawful employment

practices. Order Defendants to institute and carry out practices to maintain separate confidential medical files.

C. Order Defendants to make whole Charging Party by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring, promotion, or reinstatement of Charging Party.

D. Order Defendants to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 18-27, above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant All Star to make whole Charging Party and any other aggrieved individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 18-27, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Charging Party and any other aggrieved individuals punitive damages for its malicious and reckless conduct, as described in paragraphs 18-27, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 27, 2013

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

_____
ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __John A. Kronstadt__ and the assigned Magistrate Judge is __Andrew J. Wistrich__.

The case number on all documents filed with the Court should read as follows:

**2:13-CV-7196-JAK (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 30, 2013         By   MDAVIS
Date                              Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☑ Western Division          ☐ Southern Division          ☐ Eastern Division
312 N. Spring Street, G-8      411 West Fourth St., Ste 1053   3470 Twelfth Street, Room 134
Los Angeles, CA 90012         Santa Ana, CA 92701           Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>*Plaintiff(s)*<br>v.<br>ALL STAR SEED dba EIGHT STAR COMMODITIES, GREEN TOUCH FERTILIZER, and ALLSTAR SEED COMPANY; LA VALLE SABBIA, INC. dba EIGHT STAR EQUIPMENT and EIGHT STAR LOGISTICS; and ABATTI dba ABATTI COMPANIES<br><br>*Defendant(s)* | Civil Action No. **CV13-07196-JAK (AJW)** |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Anna Y. Park, Regional Attorney, EEOC
255 E. Temple St., 4th Floor
Los Angeles, CA 90012
(213) 894-1083

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: SEP 30 2013

*CLERK OF COURT*

MARILYN DAVIS

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                            _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*


                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br><br> *Plaintiff(s)* <br><br> v. <br><br> ALL STAR SEED dba EIGHT STAR COMMODITIES, GREEN TOUCH FERTILIZER, and ALLSTAR SEED COMPANY; LA VALLE SABBIA, INC. dba EIGHT STAR EQUIPMENT and EIGHT STAR LOGISTICS; and ABATTI dba ABATTI COMPANIES <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. CV 13-07196-JAK (AJWx) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Anna Y. Park, Regional Attorney, EEOC
255 E. Temple St., 4th Floor
Los Angeles, CA 90012
(213) 894-1083

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: SEP 30 2013

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**
ALL STAR SEED dba EIGHT STAR COMMODITIES, GREEN TOUCH FERTILIZER, and ALLSTAR SEED COMPANY; LA VALLE SABBIA, INC. dba EIGHT STAR EQUIPMENT and EIGHT STAR LOGISTICS; and ABATTI dba ABATTI COMPANIES

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Anna Y. Park, Regional Attorney, EEOC, 255 E. Temple St. 4th Floor, Los Angeles, CA 90012 (213) 894-1083

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 12112(d). Defendant improperly required employee to undergo a pre-offer physical examination for the purpose of determining his health conditions.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☑ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | |

**CV13-07196**

FOR OFFICE USE ONLY:   Case Number _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                              CIVIL COVER SHEET                                              Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 9/30/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |