# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALL STAR SEED, et. al.,<br><br>Defendant(s). | Case No. 2:13-CV-07196-JAK-AJW<br><br>**CONSENT DECREE**<br><br>JS-6<br><br>Honorable John A. Kronstadt<br>U.S. District Judge |

## I.
## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendants ALL STAR SEED, LA VALLE SABBIA, INC., and ABATTI ("Defendants") hereby stipulate and agree to the entry of this consent decree and order ("Decree") to resolve the Commission's complaint against Defendants entitled U.S. Equal Employment Opportunity Commission v. All Star Seed dba Eight Star Commodities, Green Touch Fertilizer, and All Star

-1-

1  Seed Company; La Valle Sabbia, Inc. dba Eight Star Equipment and Eight Star
2  Logistics and Abatti dba Abatti Companies, Civil Case No. 2:13-cv-07196-JAK-
3  AJW and Raul Castellanos' EEOC Charge of Discrimination Number 846-2010-
4  86385 Amended (the "Action"). On September 30, 2013, the EEOC brought this
5  Action against Defendants pursuant to Title I and V of the Americans with
6  Disabilities Act of 1990, as amended ("ADAAA"), Title I of the Civil Rights Act
7  of 1991, and Title II of the Genetic Information Non-Discrimination Act of 2008
8  ("GINA").

9      In this Action, the EEOC alleges that Defendants engaged in unlawful
10 employment practices in violation of the ADAAA and GINA and that Castellanos
11 and other aggrieved individuals were adversely affected by these discriminatory
12 practices. More specifically, the EEOC claims Defendants subjected Charging
13 Party Raul Castellanos and other aggrieved individuals to pre-offer medical
14 examinations and medical inquiries in violation of 42 U.S.C. §12112 (d). The
15 EEOC further contends Defendants used this medical information to screen out
16 job applicants and make hiring decisions on the basis of disability or perceived
17 disability. With respect to Castellanos, the EEOC asserts Defendants
18 subsequently refused to hire him for a Dispatcher position after having subjected
19 him to a pre-offer medical examination and medical inquiries. Additionally, the
20 EEOC believes Defendants used medical information obtained from Castellanos'
21 medical examination and inquiries to regard Castellanos as disabled (heart
22 condition) and deny him employment in violation of 42 U.S.C. §12112 (a).

23     The EEOC also alleges that Defendants unlawfully requested and required
24 Castellanos and other aggrieved individuals to disclose genetic information in
25 violation of Section 202 of Title I of GINA, 42 U.S.C. § 2000ff-1(b). Genetic
26 information includes "the manifestations of a disease or disorder in family
27 members" of an employee. With respect to Castellanos, the EEOC contends
28 Defendants unlawfully obtained his genetic information and the genetic

information of his biological relatives after he was required to fill out a Health Questionnaire and submit medical records. The EEOC further asserts Defendants used this genetic information to regard Castellanos as disabled (heart condition) and deny him employment.

Lastly, the EEOC alleges that Defendants engaged in record-keeping practices in violation of Section 102(d) of the ADAAA, 42 U.S.C. § 12112(d)(3)(B), and Section 206(a) of GINA, 42 U.S.C. §2000 ff-5(a). The EEOC also believes Defendants have failed to maintain confidential medical information separate from non-confidential information in employees' personnel files, and failed to maintain the confidentiality of such medical information.

Defendants deny these allegations in their entirety and neither this Decree nor the furnishing of payments under this Decree shall be deemed or construed as an admission by Defendants of any liability or unlawful conduct.

## II.
## PURPOSES AND SCOPE

A. This Decree is made and entered into by and between the EEOC and Defendants (collectively the "Parties").

B. Any provision intended to bind or be enforceable against Defendants shall bind and be enforceable against Defendants' officers, directors, agents, successors, and assigns. The term "agent" as used in this Decree is limited to Defendants' agents who contract with Defendants to conduct medical examinations and medical inquiries on Defendants' job applicants and employees. Nothing in this Decree is intended to create any liability for Defendants based on the actions of their agents as Defendants have provided their agents with the appropriate GINA Safe Harbor Notice.

C. The Parties have entered into this Decree for the following purposes:

    1. To provide appropriate monetary and injunctive relief;

    2. To ensure employment practices are in compliance with federal law;

3. To modify policies and procedures regarding employment discrimination on the basis of disability, including policies and procedures regarding employer requests for confidential medical information and employee requests for leave;

4. To ensure training of personnel regarding the ADAAA and GINA; and,

5. To ensure effective record keeping procedures.

D. The geographic scope of this Decree shall be nation-wide.

## III.
## RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims and allegations raised in the complaint filed on September 30, 2013, by the EEOC in the EEOC's Complaint.

B. Nothing in this Decree shall be construed to preclude the Commission from moving to enforce this Decree in the event that Defendants fail to perform the promises or representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply with the ADAAA, GINA, or any other federal law.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures not otherwise covered by the release set forth in this Decree or in any related documents.

E. Nothing in this Decree shall be construed as an admission by Defendants or a waiver by Defendants of any available defense in connection with any action.

# IV.
# JURISDICTION AND FINDINGS

A. The Court has jurisdiction over the Parties and the subject matter of this Action. The complaint in this Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable, and just.

C. This Decree conforms with the FEDERAL RULES OF CIVIL PROCEDURE, the ADA, and GINA, and is not in derogation of the rights or privileges of any person.

D. The Court shall retain jurisdiction of this Action during the duration of the Decree for the purpose of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

# V.
# EFFECTIVE DATE AND DURATION

The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date"). This Decree shall remain in effect for four (4) years after the Effective Date.

# VI.
# MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate its provisions.

C. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

1   D.    If one or more of the provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless, despite the Parties' best efforts, the purposes of this Decree cannot be achieved.

## VII.
## COMPLIANCE AND RESOLUTION

A.    The Parties expressly agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants and their counsel of record, in writing, of the nature of the dispute ("EEOC Notice").  This notice shall specify the particular provision(s) that the EEOC believes Defendants have breached.  Defendants shall have sixty (60) days to attempt to resolve or cure the breach, however, the parties can agree to extend this period upon mutual consent.

B.    The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.    After sixty (60) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Defendants or their successors are shown to be in breach of the Decree.

## VIII.
## MONETARY RELIEF

A.    <u>Total Monetary Relief</u>

    1.    In settlement of this Action, Defendants shall pay the gross sum of $187,500.00 (ONE-HUNDRED AND EIGHTY-SEVEN

THOUSAND AND FIVE HUNDRED DOLLARS) in settlement of this suit. The balance of $140,000.00 shall be paid to Charging Party Raul Castellanos and three identified class members (Larry Jenkins, Isaias Valdez, and Pierre Beaudoin) (known collectively hereafter as "Claimants"), provided the appropriate and necessary information/forms for each Claimant are provided by the EEOC. This amount shall be designated as non-wage compensatory damages and no tax-withholding shall be made. The balance of $47,500.00 shall be designated as the Class Fund for unidentified class members (known hereafter as "Unidentified Class Members"). The allocation of the monetary relief shall be made at the sole discretion of the EEOC. The EEOC's decision shall be final and binding.

2. With respect to monies designated as non-wage compensation, no tax withholding shall be made. Defendants shall prepare and distribute 1099 tax-reporting forms to each Claimant identified by the EEOC, and shall make any appropriate reports to the Internal Revenue Service and other tax authorities.

3. The EEOC agrees to provide Defendants completed W-9 Forms for each Claimant, other necessary information/completed forms for processing payment, about and/or signed by Claimants on any Distribution List, as are reasonably necessary for Defendants to process payments, distribute payments to Claimants, and comply with tax reporting obligations.

4. Within ninety (90) days upon receipt of the Distribution List, allocation, and the information/forms necessary for processing payment from the EEOC of the allocation of the monies to the Claimants, Defendants shall issue a check to the individual Claimants

and send it *via* certified mail. Defendants shall prepare and distribute 1099 tax reporting forms to each Claimant.

5. Within thirty (30) days of the issuance of each and every settlement check, Defendants shall submit a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA. 90012.

B. <u>Class Fund</u>

1. Within ninety (90) days from the Effective Date of this Decree, Defendants shall allocate a gross sum of $47,500.00 ("Class Fund") in order to fund an account that will be used to distribute monetary payments among all Unidentified Class Members. The EEOC shall have the sole discretion to determine the eligibility and the allocation of the monies from the Class Fund as it deems appropriate to identified Class Members. The EEOC's determination shall be binding and final.

2. Within thirty (30) days from the Effective Date of this Decree, Defendants shall provide the EEOC with written verification of the creation of this account. Defendants shall be solely responsible for all costs and fees connected with the creation and maintenance of the Class Fund except as otherwise set forth in this Decree.

3. Within ninety (90) days following the Court's execution of this Decree, Defendants shall forward to the EEOC the names and last known addresses of all Defendants' job applicants and employees who were asked to undergo a pre-offer or pre-employment medical examination ("Potential Unidentified Class Member List") since January 1, 2009, through the February 4, 2014 at Defendants' Long

1  Beach facility located at 1646 North Daisy Avenue, Long Beach, CA
2  90813.
3  4.  The EEOC shall then forward to Defendants a second Distribution List of Eligible Class Members, completed W-9 Forms, other necessary information/completed forms about and or signed by Eligible Class Members for processing payment, their current mailing address, and allocation of settlement amounts from the Class Fund.
5.  Within thirty (30) days of receipt of the EEOC's second Distribution List of Eligible Class Members and necessary information/completed forms, Defendants shall forward to each Eligible Class Member, via certified mail, a check for the full amount designated by the EEOC.
6.  The monies shall be designated as non-wage compensation and no tax- withholding shall be made.  Defendants shall prepare and distribute 1099 tax reporting forms to each Eligible Class Member and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.
7.  Within fifteen (15) days of the issuance of the settlement check to any Class Member, Defendants shall submit copies of the checks and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.
8.  If any check is returned to Defendants as undeliverable, Defendants shall, within two (2) weeks of receipt of the returned check,  provide written notice to the EEOC that check was undeliverable. If the EEOC provides Defendants with a new mailing address for that Class Member, Defendants shall mail another check to the Class Member's current address within thirty (30) days of receipt of the new address

       from the EEOC. At the same time, Defendants will provide written notice to the EEOC that the letters and/or checks were mailed and the dates upon which they were mailed. The EEOC will be allowed no more than three hundred sixty five days from the entry of this Decree to locate Class Members whose checks have been returned to Defendants as undeliverable.

    9. Any amounts in the class fund not distributed to an Eligible Class Member by the first anniversary date of the Effective Date shall be donated to a non-profit agency dedicated to serving the disabled community and/or educating the public about disability rights agreed to by the parties.

C.   Victim Specific Relief

    1. Defendants agree to purge any and all files related to Raul Castellanos.

    2. Defendants shall purge all employees' and applicants' personnel files of any confidential medical records/health questionnaires, and ensure that these records are maintained in a manner consistent with the ADAAA.

## IX.
## GENERAL INJUNCTIVE RELIEF

A.   Non-Discrimination

Defendants, their officers, managers, and supervisory employees, successors, and assigns are enjoined for the duration of the Decree from engaging in employment practices in violation of the ADAAA, as amended, and GINA. These employment practices include:

    1. Subjecting individuals to pre-offer medical examinations, disability –related inquiries, and medical inquiries;

2. Subjecting job applicants and/or employees to post-offer medical examinations, disability–related inquiries, and medical inquiries not in accordance with the ADAAA;

3. Subjecting job applicants and employees to inquiries that would elicit genetic information, as defined by GINA;

4. Obtaining pre-offer medical, disability-related, and genetic information from job applicants in violation of the ADAAA and GINA;

5. Using medical information from pre-offer medical examinations and inquiries to make hiring and employment decisions;

6. Using applicants' and/or employees' medical or genetic information for purposes not in accordance with the ADAAA and GINA;

7. Subjecting qualified individuals with a disability and individuals regarded as disabled to disparate terms and conditions of employment and adverse actions such as hiring and firing;

8. Failing to maintain confidential medical information separate from non-confidential information in employees' personnel files; and

9. Failing to maintain the confidentiality of job applicants' and/or employees' medical information.

B. <u>Non-Retaliation</u>

Defendants are enjoined from engaging in, implementing, or permitting any action, policy, or practice with the purpose of retaliating against any current or former employee or applicant of the Defendants because such employee or applicant has in the past, or during the term of this Decree:

1. Opposed any practice made unlawful under the ADAAA, and GINA;

2. Filed a charge of discrimination alleging such practice;

3. Testified or participated in any manner in any investigation— including, without limitation, any internal investigation undertaken by

Defendant—or proceeding in connection with this case or relating to any claim of an ADAAA, or GINA violation;

4. Been identified as a possible witness or claimant in this Action;

5. Asserted any rights under this Decree; or

6. Sought and/or received any relief in accordance with this Decree.

## X.

## SPECIFIC INJUNCTIVE RELIEF

A. <u>EEO Monitor</u>

1. Within thirty (30) days after the Effective Date, Defendants shall designate the individual holding the position of Human Resources Manager as an Equal Employment Opportunity Monitor (the "Monitor"). Defendants shall allow the Monitor to implement and monitor its compliance with federal employment-discrimination laws and the provisions of this Decree

2. Defendants shall bear all costs associated with the selection, retention, and services of the Monitor.

3. The Monitor's responsibilities shall include the following:

a. Verifying that Defendants' hiring and pre-employment practices and procedures comply with the ADAAA, GINA, and this Decree;

b. Confirm the distribution of the revised policies to all employees, including management and supervisory employees, as required under this Decree;

c. Confirm the posting, implementation, and/or distribution of the Policy, Non-Discrimination Statement, and Notice of Consent Decree and Settlement, as required under this Decree;

d. Verify that training requirements as set forth in this Decree have been or will be conducted in compliance with the time frame set forth in this Decree;

e. Confirming that Defendants' have made any necessary modifications to their employment practices do ensure they do not discriminate against qualified individuals on the basis of disability or perceived disability;

f.     Confirming that Defendants maintain employees' confidential medical information separate from non-confidential information in employees' personnel files;

g.     Confirming that Defendants maintain the confidentiality of job applicants' and/or employees' medical information;

h.     Verifying Defendants' compliance with all posting, recordkeeping, reporting, and notice requirements contained in this Decree;

i.     Confirming Defendants' hiring and employment decisions are not based upon impermissible information or assumptions related to disability or genetic information; and

j.     Otherwise confirming Defendants' compliance with federal employment discrimination laws and the terms of this Decree.

B.     <u>Policies and Procedures</u>

    1.     Defendants shall review and revise their policies and procedures against employment discrimination and retaliation prohibited by the ADAAA and GINA (the "Policy"). The Policies shall include:

         a.     A clear explanation of prohibited conduct, including unlawful inquiries under the ADAAA and GINA;

         b.     A clear explanation that post-offer medical examinations and inquiries must be job-related and consistent with business necessity;

         c.     A clear explanation of employee rights and company policies with respect to Defendants' duty to maintain the confidentiality of medical information, including family medical history;

         d.     A clear explanation of the procedures for requesting a reasonable accommodation under the ADAAA;

  e. A clear explanation of the procedures for filing a complaint of employment discrimination;

  f. Assurances that employees who request a reasonable accommodation, make complaints of discrimination, or provide information related to such complaints are protected against retaliation; and

  g. Assurance that Defendants will take prompt and appropriate corrective action when it determines that discrimination and/or retaliation has occurred.

 2. This revised policy shall be accessible in both English and Spanish.

C. <u>Training</u>

 1. All of Defendants' managers, supervisory employees shall attend a live training program of at least two (2) hours in duration. All of Defendants' hourly leads will participate in the segment of the training which discusses the topics set forth in sections X.C.2.e through g below. This training shall occur within ninety (90) days of the Effective Date of this Decree.

 2. At a minimum, this disability discrimination and retaliation training shall include instruction regarding:

  a. Responsibilities and requirements under the ADAAA and GINA with an emphasis on what constitutes unlawful medical examinations, disability-related inquiries, medical inquiries, and inquiries relating to genetic information and family medical history;

  b. Ensuring that pre-offer and pre-employment hiring practices are consistent with the ADAAA and GINA;

  c. Making objective hiring and employment decisions that are not based on impermissible medical information, assumptions, or stereotypes;

  d. Proper maintenance of applicants' and employees' confidential medical information;

  e. Proper handling of requests for reasonable accommodation and engaging in an adequate interactive process;

  f. Proper handling of disability discrimination complaints and conducting an adequate investigation in response; and

  g. A review of Defendants' revised equal employment policies and practices consistent with this decree.

3. Any managers and supervisors who fail to attend such training shall receive the two hours of videotaped and/or live webinar training individually within sixty (60) days thereafter. All hourly leads who fail to attend such training shall receive videotaped and/or live webinar training individual within sixty (60) days thereafter which covers topics e through g above. All employees later hired or promoted to manager, supervisor or hourly lead positions shall receive this same videotaped and/or live webinar training within ninety (90) days of his/her hire or promotion for the term of this Decree.

4. After the initial training as specified above is completed, all employees required to participate in this training by this Decree shall receive such videotaped and/or live webinar training at least bi-annually thereafter for the remainder of the term of this Decree.

5. All such employees shall verify their attendance at such training in writing.

-15-

D.   **Performance Evaluations**

Defendants shall hold its managers and supervisors accountable in regular performance evaluations for failing to comply with Defendants' disability discrimination and anti-retaliation policies and procedures after a reasonable investigation.

E.   **Posting of Notice**

Within thirty (30) days after the Effective Date, and throughout the term of this Decree, Defendants shall post at its Long Beach, CA facility the Notice A (attached as **Exhibit "A"**) and shall post at its El Centro, CA facility the Notice B (attached as **Exhibit "B")** in a clearly visible location frequented by employees at that facility.

## XI.
## RECORD KEEPING AND REPORTING

A.   **Document Preservation**

For the duration of the Decree, Defendants agree to maintain such records as are necessary to demonstrate their compliance with this Decree, including but not limited to the documents specifically identified below.

B.   **Initial Report Regarding EEO Compliance**

Within sixty (60) days of the Effective Date Defendants' shall verify in writing to the EEOC that their pre-employment and hiring practices practice comply with the ADAAA, GINA, and this Decree, and that Defendants are properly maintaining confidential medical information consistent with the ADAAA.

C.   **Initial Reports Regarding Revised Policy**

1.   Within ninety (90) days of the Effective Date of this Decree, Defendants shall provide to the EEOC a copy of the revised Policy described in Section X.B. and written confirmation that it has posted

    the Policy in at least 12 pt font in a conspicuous place accessible to all employees.

2. Within one hundred twenty (120) days of the Effective Date, Defendants shall ensure that it has distributed the Policy to every employee, including management employees.

3. Within one hundred and thirty (130) days of the Effective Date, Defendants shall submit to the EEOC a statement confirming the distribution of the Policy.

4. Within thirty (30) days of the hire date of any person hired after the initial distribution, but within the term of the Decree, Defendants shall ensure that it has distributed the Policy to that person.

D. <u>Initial Reports Regarding Training</u>

Within forty five (45) days after the Effective Date, Defendants shall submit to the EEOC the materials for the training described in Section X.C., a description of the training to be provided, an outline of the curriculum developed for the trainees, including the identities of the persons and/or organizations proposed to conduct the training. Defendants shall give the EEOC a minimum of ten (10) days' advance notice of the date, time, and location of each training session.

E. <u>Annual Reports from Defendants</u>

On an annual basis for the duration of the Decree, Defendants shall provide the EEOC with written reports. The first annual report shall be on the first anniversary of the entry of the Decree. The subsequent annual reports shall be due on each subsequent anniversary of the entry of the Decree for the duration of the Decree and shall include verification of the following:

1. Defendants' pre-employment and hiring practices comply with the ADAAA, GINA, and this Decree;

-17-

2. Defendants refrain from engaging in practices which subject job applicants and/or employees to medical examinations and inquiries in violation of the ADAAA, GINA, and this Decree;

3. Defendants refrain from using impermissible information, assumptions, and stereotypes to make hiring and employment decisions;

4. Defendants' record-keeping practices with respect to personnel and medical records comply with the ADAAA;

5. All training sessions required under this Decree during the previous twelve months occurred;

6. All employees required to attend a training session under this Decree during the previous twelve months received the required training;

7. The creation or revision of written EEO and ADAAA policies consistent with the requirements of this Decree;

8. Distribution of the Policy to any person hired after the initial distribution, but within the term of the Decree; and

9. A description of all complaints involving disability-related or medically-related inquiries/examinations made to Defendants since the submission of the immediately preceding report. This description shall include the job title and work address of the individuals alleging discrimination; the nature of the discrimination; the job titles of the alleged perpetrators of discrimination; the dates of the alleged discrimination or retaliation; and a brief summary of how each complaint was resolved.  If no results have been reached as of the time of the report, the result shall be included in the next report.

# XII.
# COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

# XIII.
# ATTORNEYS FEES AND COSTS

A.  Defendants shall bear all costs associated with the administration and implementation of its obligations under this Decree.

B.  Each Party shall bear its own costs of suit and attorneys' fees.

# XIV.
# MISCELLANEOUS PROVISIONS

A.  During the term of this Consent Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than sixty (60) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' operations or facilities, or any other material change in business or corporate structure, and shall simultaneously inform the EEOC of the same.

B.  During the term of this Decree, Defendants shall ensure that each of its officers, managers, supervisors and Human Resources staff are aware of any term in this Decree to the extent they may be related to his/her job duties.

C.  All reporting under this Decree shall be directed to:  Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

D.  The Parties agree to entry of this Decree subject to final approval by the Court.

JACKSON LEWIS P.C.

Dated: October 24, 2104           By: S/Cynthia Sandoval
                                      Cynthia S. Sandoval, Esq.

|   |   |
|---|---|
| | Matthew D'Abusco, Esq. |
| | Attorneys for Defendants |
| | |
| | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| Date: October 24, 2014 | By: <u>S/ Anna Y. Park</u><br>Anna Y. Park<br>Regional Attorney |
| | Connie K. Liem<br>Senior Trial Attorney |
| | Attorneys for Plaintiff EEOC |

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

The Court hereby finds that compliance with all provisions of the foregoing Decree is fair and adequate. The Court hereby retains jurisdiction for the term of the foregoing Consent Decree, and the provisions thereof are **HEREBY ORDERED.**

**IT IS SO ORDERED.**

Dated: November 7, 2014   _____
                          Honorable John A. Kronstadt
                          United States District Judge

-20-